# IN THE SUPREME COURT OF THE STATE OF NEVADA

DANIEL MARTINEZ,
Appellant,
vs.
JO GENTRY, WARDEN; AND THE
STATE OF NEVADA,
Respondents.

No. 75724

FILED

JAN 1 8 9

ELIZABETH ... ...
CLERK OF SU... ...OURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Appellant Daniel Martinez challenged the computation of time served on his judgment of conviction, arguing that the credits he earned under NRS 209.4465 should be applied to the minimum term of his sentence as provided in NRS 209.4465(7)(b). The district court denied the petition, concluding that Martinez had been convicted of category A felonies that were committed after the effective date of the 2007 amendments to NRS 209.4465 and therefore NRS 209.4465(8)(d) provided that the credits could not be applied to the minimum term of his sentence.

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

19-02930

On appeal, Martinez argues that the district court erred because the offenses he committed are category D felonies and the habitual criminal adjudication that required he be punished for category A felonies did not mean that he had been *convicted* of category A felonies for purposes of NRS 209.4465(8)(d). We decline to consider whether NRS 209.4465(8)(d) applies in this case because it is clear that under NRS 209.4465(7)(b) the statutory credits *cannot* be applied to the minimum term of Martinez's sentence.

NRS 209.4465(7)(b) provides that statutory credits may be applied to the minimum term of a sentence *"unless* the offender was sentenced pursuant to a statute which specifies a minimum sentence that must be served before a person becomes eligible for parole." (Emphasis added.) The quoted portion of NRS 209.4465(7)(b) "sets forth a limitation— the general rule [that statutory credits apply to the minimum term of a sentence] does not apply if the offender '"was sentenced pursuant to a statute which specifies a minimum sentence that must be served before a person becomes eligible for parole.'" *Williams v. Nev., Dep't of Corr.*, 133 Nev., Adv. Op. 75, 402 P.3d 1260, 1262 (2017) (quoting NRS 209.4465(7)(b)).

Martinez was sentenced pursuant to NRS 207.010(1)(b). That statute provides that parole eligibility begins when a specified minimum term (10 years) has been served. NRS 207.010(1)(b)(2), (3). Martinez therefore falls within the limitation set forth in NRS 209.4465(7)(b) and the credits cannot be applied to the minimum term of his sentence. *See Williams,* 133 Nev., Adv. Op. 75, 402 P.3d at 1262-63 (characterizing sentencing statutes worded the same as NRS 207.010(1)(b)(2) and (3) as "parole-eligibility" statutes that "expressly require[s] a particular sentence

be served before a person becomes eligible for parole"). Because the district court reached the correct result, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:     Hon. Linda Marie Bell, District Judge
        Daniel Martinez
        Attorney General/Las Vegas
        Eighth District Court Clerk